BRIGHT, Circuit Judge,
concurring separately.
I concur as the decision, DeBord v. Board of Educ., 126 F.3d 1102 (8th Cir.1997), governs this case. However, I question the rationale that the amount of medication necessary for treatment of ADHD does not relate to a student’s disability. This court articulated its reasoning in DeBord as follows:
Although [the student] requires Ritalin to treat her disability, it is undisputed that the reason for [the student’s] high dosage is probably her metabolism, not the severity- of her disability. [The student’s] own doctor and others stated the amount of Ritalin needed to treat ADHD is unrelated *758 to the severity of the disorder in any particular patient. Thus, the policy does not discriminate against the severely disabled, as the DeBords assert.
126 F.3d at 1105.
The medical testimony in this ease is similar to that in DeBord. While the medical eause/effeet relationship may be unknown, nevertheless to treat Shane’s disability the doctor prescribes a high dosage. That treatment is for his disability. Thus, it seems to me that if the school administers adequate medication for one child’s disability and inadequate medication for another child’s similar disability, the school policy discriminates.
However, assuming a disability situation for Shane greater than that for other students needing medication to treat their ADHD disabilities, I agree that the school district has made a reasonable accommodation for Shane’s disability.